UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALEXEY LEONICHEV

                        Plaintiff,

   - against -

ALEXANDER ROBERT KNOLL et al.,

                        Defendants.
-------------------------------------------------------------x

**ORDER**

No. 25-CV-4959 (CS)

CATHY SEIBEL, United States District Judge:

      Plaintiff has filed repetitive documents seeking my disqualification. (ECF Nos. 41, 44, 46.) They seem to be based on the belief that I have somehow deprived Plaintiff of his right to a jury trial. I have made no such decision. I have merely explained, (ECF No. 7), that every case, jury or non-jury, requires a presiding judge. In any event, "a party's dissatisfaction with his legal circumstances or unhappiness with a court's legal rulings or other case-management decisions does not constitute a valid basis for recusal." *United States v. Cain*, No. 05-CR-360, 2017 WL 1456980, at *5 (W.D.N.Y. Apr. 25, 2017); *see, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Chevron Corp. v. Donziger*, 783 F. Supp. 2d 713, 723 (S.D.N.Y. 2011). Further, Plaintiff persists in claiming that the Defendants have defaulted. (ECF Nos. 47-48.) I do not know why he continues to disregard the simple explanation, (ECF No. 32), as to why he is incorrect. He also claims that ECF Nos. 23, 32 and 42 are somehow false. (ECF No. 47.) They are not. They are orders of the Court entered by me, and the parties are obliged to comply with them. That ECF Nos. 23 and 42 are text orders rather than orders contained in a separate document does not make them any less my orders. Plaintiff further contends that the docket entries assigning this case to me and designating Magistrate Judge Krause are somehow false. They are not. They are docket entries by the Clerk, whose duties include random assignment of cases. Entries placed

directly on the docket by the Clerk and text orders placed directly on the docket by the Court do not receive an "Electronic Document Stamp," but they are still legitimate.  If Plaintiff requires further clarification on any of the above issues, I will provide it at the already scheduled July 31, 2025 telephone conference.  In the meantime, Plaintiff is ordered not to submit anything further relating to these issues.  Plaintiff is reminded that his response to Defendants' pre-motion letter is due July 24, 2025.  Finally, Plaintiff shall refrain from casting aspersions against lawyers, court personnel or anyone else based on what he perceives to be their national origin or ancestry.  (*See* ECF No. 47.)

**SO ORDERED.**

Dated: July 17, 2025
      White Plains, New York

                                                                           _____
                                                                           CATHY SEIBEL, U.S.D.J.